UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENT E. HOVIND,
PAUL JOHN HANSEN,
Trustee for Creation Science Evangelism,

    Plaintiffs,

v.                                    Case No. 3:20cv5484-TKW-HTC

UNITED STATES OF AMERICA, et al.,

    Defendants.
_____/

ORDER

This matter is before the Court on Plaintiffs' amended complaint, filed *pro se* pursuant to 42 U.S.C. § 1983. ECF Doc. 7. Including attachments, the amended complaint is fifty-six (56) pages long, which more than doubles the 25-page limit set out in the local rules. *See* N.D. Fla. Loc. R. 5.7(B) ("A . . . complaint, together with any memorandum, must not exceed 25 pages, unless the Court authorizes it"). Therefore, Plaintiffs must file a second amended complaint that complies with this requirement.

Additionally, based on a cursory review of the amended complaint, the Court has identified at least three (3) issues, which may result in a dismissal of Plaintiff's

suit.[1]  Therefore, Plaintiffs should carefully review this Order and consider whether they need to fix these potential deficiencies in their second amended complaint.

First, Plaintiffs have named defendants who are immune from liability. Specifically, District Judge Rodgers, the estate of a former federal prosecutor John Atchison, and federal prosecutor Michelle Heldmyer are immune from liability for actions taken (or not taken) as part of their duties in Hovind's prior criminal litigation.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages") (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983").

Moreover, judicial immunity "applies even when the judge is accused of acting maliciously and corruptly."  *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Holt v. Crist*, 233 F. App'x 900, 903 (11th Cir. 2007) ("This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction"). Similarly, prosecutorial immunity applies even if the prosecutors knowingly allowed false testimony.  *Holt*, 233 F. App'x at 903 ("Immunity extends to charging a

---

[1] Plaintiffs should not read this order, however, as intending to provide a listing of all deficiencies or potential deficiencies with Plaintiffs' complaint.  No such merit-based analysis has yet been conducted by the Court.

Case No. 3:20cv5484-TKW-HTC

defendant without probable cause and to the knowing proffer of perjured testimony and fabricated exhibits at trial").

Second, to the extent Plaintiffs take issue with Hovind's 2006 conviction, their claims may be barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Specifically, Plaintiff asks this Court for his "conviction and sentence [to] be vacated in the interests of justice." *Id.* at 45. However, under *Heck*, if a judgment in favor of a plaintiff on a § 1983 claim "would necessarily imply the invalidity of his conviction or sentence[,] . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[2]

Third, Plaintiffs' claims appear to stem from events that transpired more than ten (10) years ago. ECF Doc. 7 at 7. A claim under 42 U.S.C. § 1983, however, must be brought within four (4) years of when the action accrued. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) ("Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. §§ 1983 and 1985").

---

[2] The *Heck* bar has been found applicable to former inmates as well as current prisoners. *See Vickers v. Donahue*, 137 F. App'x 285, 289-90 (11th Cir. 2005) (implying that *Heck* bar applied "despite the unavailability of habeas relief"); *Lloyd v. Leeper*, 2020 WL 1529767, at *8 (M.D. Fla. Mar. 31, 2020) (applying *Heck* bar to former inmate's suit); *Williams v. Donald*, 2007 WL 2345254, at *3 (M.D. Ga. Aug. 14, 2007) (unreported) (same); *Raines v. State of Fla.*, 983 F. Supp. 1362, 1376 (N.D. Fla. 1997) (same).

Accordingly, it is ORDERED:

1. Within **fourteen (14) days** of the date of this order, Plaintiffs shall file one (1) copy of a complete second amended complaint. Pursuant to the Local Rules, Plaintiffs should utilize this Court's approved forms for filing their second amended complaint. Since the Court previously sent these forms to the Plaintiffs, to the extent additional copies are needed, Plaintiffs should consult the Court's website at www.flnd.uscourts.gov.

2. Upon receipt of the complete second amended complaint, the clerk shall refer the second amended complaint to the undersigned chambers to determine compliance with this order.

3. Plaintiffs' failure to timely comply with this order may result in a recommendation that this case be dismissed for failure to prosecute and comply with an order of the Court.

DONE AND ORDERED this 23rd day of July, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**