UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENT E. HOVIND, *et al.*,

      Plaintiffs,

v.                                                                    Case No.  3:20-cv-5484-TKW/MJF

UNITED STATES OF AMERICA, *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiffs' failure to respond to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to comply with two court orders and failure to prosecute.[1]

### I.    Procedural Background

On May 22, 2020, Plaintiffs commenced this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiffs subsequently filed an amended complaint, which is styled as a civil rights complaint brought under 42 U.S.C. §§ 1983, 1985, and 1986

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

against six Defendants: (1) the United States of America; (2) United States District Judge M. Casey Rodgers; (3) the estate of AUSA John David Roy Atchinson; (4) AUSA Michelle Heldmyer; (4) IRS Criminal Investigator Scott Schneider; and (6) Washington State Defense counsel Alan Stuart Richey.[2] (Doc. 7 at 1). Plaintiffs' amended complaint is fifty-six pages in length, and Plaintiffs did not seek leave to exceed the twenty-five-page limit imposed by Local Rule 5.7(B).

On July 23, 2020, Magistrate Judge Hope T. Cannon ordered Plaintiffs to amend their complaint because their amended complaint violated the Local Rules. (ECF No. 8 at 1 (citing N.D. Fla. Loc. R. 5.7(B)). Additionally, Judge Cannon advised Plaintiffs to consider three potential issues with their amended complaint: (1) whether their claims could be barred by judicial and prosecutorial immunity; (2) whether their claims could be barred by the applicable statute of limitations; and (3) whether any claim relating to Hovind's 2006 conviction might be barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). (ECF No. 8 at 1-3). Judge Cannon provided

---

[2] Except for Alan Stuart Richey, the individual defendants are federal actors not state actors. Because Plaintiffs assert a claim against federal actors and not state actors, their claim is more properly brought against these Defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), not section 1983. *See Corbitt v. Wood*, 677 F. App'x 596, 598 (11th Cir. 2017) (citing *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996)); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (Noting that "[a] § 1983 suit challenges the constitutionality of *state officials*; a *Bivens* suit challenges the constitutionality of the actions of *federal officials*.").

Plaintiffs fourteen days to amend their complaint. (*Id.* at 4). The deadline elapsed, and Plaintiffs failed to amend their complaint.[3]

On August 24, 2020, the undersigned issued an order to show cause. (Doc. 11). The undersigned directed Plaintiffs to explain their failure to comply with Judge Cannon's order. The undersigned provided Plaintiffs until September 8, 2020, to comply with the order. The undersigned also warned Plaintiffs that their failure to comply likely would result in dismissal for failure to comply with a court order and failure to prosecute. The deadline to comply has elapsed, and Plaintiffs failed to comply with the undersigned's order.

### III.    Discussion

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim

---

[3] Under Federal Rule of Evidence 201(b), a court may "take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). Instead of complying with Judge Cannon's court order and filing an amended complaint or properly objecting to Judge Cannon's order, Plaintiffs filed a lawsuit against Judge Cannon claiming that Judge Cannon had violated their civil rights and engaged in judicial misconduct by directing Plaintiffs to comply with the Local Rules. *Hovind v. Cannon*, 3:20-cv-5708-RV-MJF (N.D. Fla. filed on Aug. 6, 2020) (Doc. 1). Plaintiffs' claims against Judge Cannon were dismissed as frivolous. *Id.* (Docs. 6, 7).

when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1)  The duration of Plaintiffs' failure to comply.** On July 23, 2020, Magistrate Judge Cannon ordered Plaintiffs to file an amended complaint and comply with Local Rule 5.7(B). (Doc. 8). Judge Cannon provided Plaintiffs fourteen

days to comply. Thus, Plaintiffs failed to comply with that order as of August 7, 2020.

(2)   **Plaintiffs' failure to comply with two court orders.** Plaintiffs have failed to comply with two court orders:

        a.     the order issued on July 23, 2020; and

        b.     the order issued on August 24, 2020.

(3)   **Plaintiffs received notice that failure to act likely would result in dismissal.** Judge Cannon warned Plaintiffs that their failure to comply with her order likely would result in a recommendation of dismissal. (Doc. 8 at 4). The undersigned also warned Plaintiffs that failure to comply with the order to show cause likely would result in dismissal. (Doc. 11). Despite these warnings, Plaintiffs have not complied with the order to amend their complaint and comply with Local Rule 5.7(B).

(4)   **Plaintiffs may be barred from refiling their claims.** Here, the statute of limitations may bar the re-filing of Plaintiffs' claims. Because 42 U.S.C. §§ 1983 and 1985 do not expressly contain statute of limitation periods, courts must look at the law of the state in which the cause of action arose. "Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. §§ 1983 and 1985." *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (*citing City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002) ("Section 1983 claims

are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years"); *Newberger v. U.S. Marshals Serv.,* 751 F.2d 1162, 1166 (11th Cir. 1985) (applying the four-year intentional tort statute of limitations to section 1985 claims of conspiracy)). The statute of limitations for a claim under 42 U.S.C. § 1986 is one year. 42 U.S.C. § 1986.[4]

Plaintiffs allege that many of the acts giving rise to their claims occurred in 2006. Plaintiffs' claims may be subject to a statute of limitation defense if they choose to refile this action. Because Plaintiffs filed this civil action after the statute of limitation had run for many of their claims, however, their claims likely would be subject to a statute of limitation defense regardless.

**(5)   The proper balance between alleviating court calendar congestion and protecting Plaintiffs' right to due process and a fair chance to be heard.** Plaintiffs have been afforded an opportunity to be heard and have received due process consistent with the primary stage of this civil action. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not

---

[4] Plaintiffs also assert that they are raising state tort law claims. The Florida statute of limitations for an action for false arrest, malicious prosecution, and false imprisonment is four years. Fla. Stat. §95.11(3)(o).

being actively prosecuted, outweighs any due process right that Plaintiffs may have in this case remaining pending and inactive.

**(6)   The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7)   The fact that any lesser sanction would be inefficacious.** Plaintiffs have failed to comply to two court orders. Based on Plaintiffs' prior conduct, it is likely that Plaintiffs would ignore future orders directing Plaintiffs to comply. Dismissal without prejudice is an appropriate sanction to address the important objectives and interest of justice discussed above.

### III.   Conclusion

For the reasons set forth       above,       the       undersigned       respectfully **RECOMMENDS** that:

(1)     This action be **DISMISSED** without prejudice for Plaintiffs' failure to comply with two court orders and their failure to prosecute this civil action.

(2)     The clerk of the court be directed to close the case file.

At Panama City, Florida, this <u>10th</u> day of September, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-notice documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they may be heard in an objection to this report and recommendation.**