UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**KENT E. HOVIND**, an individual.
**PAUL JOHN HANSEN, as trustee
for Creation Science Evangelism
(CSE)**, a non-statutory trust,

    Plaintiffs,                      Case No.: 3:20-cv-5484-TKW-HTC

    v.

**UNITED STATES OF AMERICA
(USA)** an entity,
**MARGARET CATHARINE
RODGERS**, an individual,
**THE ESTATE OF JOHN DAVID
ROY ATCHISON,** an individual,
**MICHELLE HELDMYER**, an individual,
**SCOTT SCHNEIDER**, an individual,
**ALAN STUART RICHEY**, an individual,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS
## THE SECOND AMENDED COMPLAINT

COME NOW, Defendants United States of America, Margaret Catherine Rodgers, the estate of John David Roy Atchison, Michelle Heldmyer, Scott Schneider, and Alan Stuart Richey, by and through the United States Attorney for the Northern District of Florida, and move to dismiss the Second Amended

1

Complaint of Kent E. Hovind and Paul John Hansen pursuant to Fed. R. Civ. P. 12(b)(6) on grounds of failure to state a claim.

## PROCEDURAL HISTORY

On September 10, 2020, Magistrate Judge Frank issued a Report and Recommendation, recommending this case be dismissed based on Plaintiffs' failure to comply with Magistrate Judge Canon's order dated July 23, 2020 and its own order of August 24, 2020. (ECF 12). On September 25, 2020, the District Court remanded the case to give Magistrate Judge Frank an opportunity to review Plaintiff's Second Amended Complaint filed on September 4, 2020 to determine if the Second Amended Complaint cured the deficiencies of the First Amended Complaint. (ECF 15). Giving the procedural posture of the case, Defendants are unclear whether a responsive pleading is due at this time, but out of abundance of caution, file this Motion to Dismiss the Second Amended Complaint. Other than decreasing the pages to satisfy the twenty-five page limit imposed by Local Rule 5.7(B), the Second Amended Complaint is almost identical to the First Amended Complaint and, as set forth more fully below, is deficient for all of the other reasons Magistrate Judge Frank and/or Magistrate Judge Cannon previously suggested, including absolute and qualified immunity, *Heck v. Humphrey*, 512 U.S. 477 (1994), and the statute of limitations. (ECF 12 at 2).

# **STATEMENT OF RELEVANT ALLEGATIONS**

1. On March 1, 2004, Plaintiff Kent E. Hovind ("Hovind") founded the ministry Creation Science Evangelism ("CSE") (ECF14 ¶28).

2. On July 13, 2006, the United States conducted a S.W.A.T. raid on property owned by CSE and Hovind at 29 Cummings Rd, Pensacola, FL 32503 (ECF 14 ¶30).

3. On the July 13, 2006, Hovind and his wife were presented a grand jury indictment, case no. 3:06cr83/MCR/EMT (ECF 14 ¶32).

5. Hovind and his wife both pleaded not guilty to this indictment (ECF14 ¶32).

6. Hovind retained Defendant Alan Stuart Richey as defense counsel (ECF 14 ¶34-35).

8. Hovind and his wife were found guilty on all charges of the indictment (ECF 14 ¶37).

9. Hovind was sentenced to ten years in prison with three years of strict supervised probation, and ordered to pay over $1,000,000 between structured fines and restitution (ECF 14 ¶37).

10. Hovind's wife was sentenced to one year in prison and one year of supervised probation (ECF 14 ¶37).

11. On August 7, 2015, Hovind was released from prison (ECF 14 ¶42).

17. Defendant Margaret Catherine Rodgers was the judge who oversaw Hovind's criminal case (ECF 14 ¶20).

18. Defendants John David Roy Atchison and Michelle Heldmyer were prosecutors in Hovind's criminal case, working as United States Attorneys (ECF14 ¶20-21).

19. Defendant Scott Schneider is an IRS criminal investigator who testified at Hovind's criminal trial (ECF 14 ¶23).

20. Defendant Alan Stuart Richey was Hovind's original defense counsel (ECF ¶24).

## **STANDARD OF REVIEW**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Facial plausibility [exists] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This pleading standard does not require "detailed factual allegations," but a complaint must offer more than mere "labels and conclusions." *Id.* "A formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555) (quotation marks omitted). Plausibility *means* "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent

with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted). The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

In considering a motion to dismiss under Rule 12(b)(6), "the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). This deference is applied to factual allegations only, and not to mere legal conclusions. *See Iqbal*, 556 U.S. at 678.

## ARGUMENT

Plaintiffs bring twelve counts against the Defendants in violation of 42 U.S. § 1983 and Amendments I, IV, V, VI, IX, X, XIII, and XIV of the United States Constitution. Each count involves an allegation that the Defendants, jointly and severally, violated Plaintiffs' constitutional rights under color of federal authority. Despite Plaintiff's reliance on 42 U.S.C. §1983, Plaintiffs' claims actually arise from the seminal case *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

The basis for all claims in the Second Amended Complaint claim arise out Plaintiffs' allegations that Defendants conspired to convict Hovind in his criminal trail and enabled false testimony and false evidence against him, resulting in a false conviction. Plaintiffs request both monetary and injunctive relief. Plaintiffs' claims against the Defendants are absolutely meritless and warrant dismissal. Plaintiffs have not produced sufficient evidence to successfully allege any of the constitutional violations contained in the Second Amended Complaint.

I. **Because Plaintiffs' claims not ripe, Plaintiffs lack standing.**

The United States Supreme Court has held that in order to recover damages for allegedly unconstitutional conviction, imprisonment, or other harm caused by actions whose unlawfulness would invalidate a conviction, a § 1983 plaintiff must prove that the conviction has been reversed or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). While *Heck* concerned a state prisoner seeking damages, the analysis is applicable to *Bivens* claims as well. *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (noting that courts typically apply the same analysis to § 1983 and *Bivens* claims).

In the instant case, Plaintiffs' damages claims hinge on the finding that Defendants unconstitutionally deprived them of their constitutional rights in order to convict Hovind of crimes he did not commit. Thus, a ruling in Plaintiffs' favor would require that Hovind's convictions be invalidated. The Eleventh Circuit has

6

held that, following *Heck*, when a judgment in a plaintiff's favor requires the invalidity of a conviction, and such a conviction has not been overturned, the plaintiff may not seek relief until his conviction is overturned or expunged. *See Krocka v. Hillsborough Cty. Sheriff's Office*, 761 Fed. App'x 895, 901 (11th Cir. 2019) ("Mr. Krocka's claims, predicated as they are on the invalidity of his conviction and confinement, do not accrue until (and if) his conviction and sentence are overturned."); *Hilario v. Marianna*, 561 Fed. App'x 821, 822-23 (11th Cir. 2014) (affirming dismissal of *Bivens* claims because claims required invalidity of conviction, and conviction had not been overturned or invalidated); *Abella*, 63 F.3d at 1065 ("Because Abella's convictions have not been invalidated, his Bivens damages claims are not ripe.). Hovind's conviction and sentence have not been invalidated. Accordingly, unless and until Hovind's convictions are overturned, Plaintiffs do not have standing to bring a claim for damages and their claims are due to be dismissed.

### II. Plaintiff's claims for declaratory and injunctive relief are not cognizable under *Bivens*.

The Eleventh Circuit has held that declaratory or injunctive relief claims which challenge the validity of the claimant's conviction are not cognizable under 42 U.S. §1983 or *Bivens*. *Abella*, 63 F.3d at 1066 ("[C]laims which challenge the validity of the claimant's conviction or sentence and seek release—are simply not cognizable under § 1983… This rule applies equally to *Bivens* actions."). Plaintiffs

7

seek declaratory relief in that the Defendants' conduct be declared unconstitutional. Like their damages claims, the declaratory relief claims rest on the premise that Hovind was the victim of a false conspiracy to convict him, and therefore challenge the validity of his conviction. Since these claims are not cognizable under § 1983 or *Bivens*, this Court must dismiss Plaintiffs' claims for declaratory relief. *Abella*, 63 F.3d at 1066 (upholding district court's dismissal on these grounds).

### III. Defendants Rodgers, Atchison and Heldmyer are barred from liability by absolute immunity.

Plaintiffs name five Defendants as individuals in the Second Amended Complaint, each having played a role in Hovind's criminal conviction and sentencing. Each Defendant, however, is barred from liability by qualified and/or absolute immunity. First, Judge Mary Catherine Rodgers is barred by absolute, judicial immunity. A judge receives absolute immunity from money damages when she deals with the plaintiff in a judicial capacity over which she had jurisdiction, even if she acted maliciously. *See Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986). Judge Rodgers clearly dealt with Hovind in a judicial capacity and is shielded from any liability by absolute immunity.

The Supreme Court has also extended absolute immunity to prosecutors. *See Butz v. Economou*, 438 U.S. 478, 509 (1978); *see also Hoffman v. Office of State Att'y*, 793 Fed. App'x 945, 954 (11th Cir. 2019) (holding that state attorney and assistant state attorney were entitled to absolute liability in their capacities as

prosecutors). In *Butz*, the Supreme Court discussed recently affirming dismissal of a § 1983 suit against a state prosecutor for this reason. *Id.* at 510. Accordingly, Plaintiffs' claims against Atchinson and Heldmyer are barred by absolute immunity and are due to be dismissed.

### IV. Defendant Schneider is barred from liability by qualified immunity.

Qualified immunity shields government officials performing discretionary acts. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982); *Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2008). "Under the qualified immunity doctrine, government officials performing discretionary functions are immune not just from liability, but from suit, unless the conduct which is the basis for suit violates clearly established federal statutory or constitutional rights of which a reasonable person would have known." *Sanders v. Howze*, 177 F.3d 1245, 1249 (11th Cir. 1999) (citing *Harlow*, 457 U.S. at 818).

Plaintiffs named IRS investigator Scott Schneider as a Defendant in his claims for damages. Plaintiffs do not explain in the Second Amended Complaint how Schneider's actions render him liable in this case, but it can be inferred that Plaintiffs alleges that Schneider, as an agent for the IRS, acted in concert with the rest of the Defendants to falsely convict Hovind of tax crimes. Moreover, while Plaintiffs have alleged that Schneider violated their constitutional rights, their allegations are vague,

conclusory and insufficient under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Because Schneider was preforming discretionary functions while acting as an IRS agent investigation Hovid, Plaintiffs' claims against him are barred by the doctrine of qualified immunity. Moreover, a finding that Plaintiffs' constitutional rights were violated in this case would require a reversal of Hovind's criminal sentence, which is not permitted under *Abella*, 63 F.3d at 1065. Accordingly, all claims against Schneider are barred by the doctrine of qualified immunity.

**V. Defendant Richey did not act under color of federal law and therefore allegations against him are not cognizable under *Bivens*.**

Plaintiffs also names Hovind's former defense attorney, Alan Stuart Richey, as a Defendant in this case. The Second Amended Complaint is unclear as to whether Richey is being sued in his private attorney or as a public attorney for the state of Washington. In either case, however, Richey is immune from §1983 liability as Plaintiff's privately-hired defense attorney because he was not acting under color of state law.

The Eleventh Circuit has dismissed §1983 claims against defendants who worked for private companies. *See Charles v. Scarberry*, 340 Fed. App'x 597, 599 (11th Cir. 2009) (affirming dismissal of a § 1983 claim against CVS employees and an insurance adjuster because they could not act under color of state law as private employees). Likewise, the Eleventh Circuit has dismissed § 1983 claims against

government employees whose alleged violations were outside of the color of governmental authority. *See Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1269 (11th Cir. 2012) (dismissing § 1983 claims against corrections officer who found boy naked with daughter because the officer did not act "under color of state law"). The Court limited a violation under color of state law to "[a] § 1983 defendant who abuses the power and authority given to her by the state." *Id.* at 1268. A government employee who violates the law in his private pursuits, without using the perceived power of his office, is not actionable under 1983.

In this case, Richey was acting Hovind's private attorney. As such, Richey was not acting under color of state or federal law and is not liable under Bivens or §1983 and the claims against him are due to dismissed.

**VI.** ***Bivens* claims may not be brought against the United States.**

Plaintiffs are left with their claim against the United States for constitutional violations. The Supreme Court, however, has held that federal entities may not be sued under a *Bivens* claim. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). While this opinion concerned federal agencies, namely the F.D.I.C., the Court's reasoning can be logically inferred to apply to suits against the United States. In *Meyer*, the defendant sought to sue the F.D.I.C. directly because the individuals named each were protected by qualified immunity. *Id.* at 485. The Supreme Court reasoned that circumventing qualified immunity would eliminate the *Bivens* purpose of deterring

individual officers from illegal conduct, as there would then be no reason to bring damages actions against individuals. *Id*. The United States cannot be sued as an entity in a *Bivens* action. Additionally, as a §1983 action derives from state law, it follows that such an action cannot be brought against the United States as a whole. Accordingly, Plaintiffs' claims against the United States are due to be dismissed.

### VII. Plaintiff's claims are barred by the statute of limitations.

*Bivens* actions are governed by the same statute of limitations that governs a complaint brought pursuant to 42 U.S.C. § 1983. *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996). The limitations period for a § 1983 action is governed by the statute of limitations for personal injury actions in the state in which the claim accrues. *See Wilson v. Garcia,* 471 U.S. 261, 280, 85 L. Ed. 2d 254, 105 S. Ct. 1938 (1985). The Eleventh Circuit has consistently held that Florida's four year statute of limitations, Fla. Stat. § 95.11(3), for personal injury actions governs federal § 1983 claims brought in Florida. *City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1103 (11th Cir. 2002) ("[s]ection 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years"); *Omar v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam) ("[t]he applicable statute of limitations in a § 1983 lawsuit is the four-year Florida state statute of limitations for personal injuries"). The same 4-year statute of limitations also applies to claims under *Bivens*. *See Rager v. Augustine*, 760 F. App'x 947, 950 (11th Cir. 2019) (citing

*Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998) (noting that federal district courts apply their forum state's personal injury statute of limitations to both *Bivens* and 42 U.S.C. § 1983 actions) and *Chappell*, 340 F.3d at 1283).

A cause of action accrues, and thereby sets the limitations clock running, when "the facts which would support a cause of action are apparent or should be apparent" to a reasonably prudent person. *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (quotation omitted). Generally, this will be at the point at which the plaintiff knew or had reason to know that an injury had been inflicted and by whom. *Rozar v. Mullis*, 85 F.3d 556, 562 (11th Cir. 1996). In those cases in which the statute of limitations had expired prior to filing, a dismissal for frivolity is warranted and the court need not wait for the limitations issue to be raised in a defensive pleading if the issue is apparent on the face of the complaint. *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640-41 n.2 (11th Cir.1990).

All of Plaintiffs' arise out of his arrest and conviction of tax crimes in 2006. Plaintiffs have known about the incidents giving rise to their claims since 2006. Accordingly, all of their claims are barred by the statute of limitations.

## **CONCLUSION**

Plaintiffs' claims alleged in this action are entirely without merit and should be dismissed promptly. First, declaratory relief is not available as a <u>Bivens</u> or § 1983 remedy. Additionally, Plaintiffs' claims for damages lack standing since without a

reversal of his conviction, this claim is not ripe.  In addition, each individually named Defendant is without liability in this action for the reason set forth above.  Finally, all of Plaintiffs' claims are barred by the statute of limitations.  Plaintiffs have failed to state a claim for which this Court may grant relief, and Defendants are entitled to prompt dismissal of this case pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

LAWRENCE KEEFE
United States Attorney

*/s/ Elizabeth Barry Parker*
ELIZABETH BARRY PARKER
Assistant United States Attorney
Alabama Bar No. 4558k69b
21 East Garden St., Suite 400
Pensacola, FL  32502
Telephone:  850-444-4000
Elizabeth.Parker@usdoj.gov

## LOCAL RULE 7.1(B) CERTIFICATE

I HEREBY CERTIFY that I have not conferred with plaintiffs regarding this motion. Plaintiffs do not consent to this motion.

## LOCAL RULE 7.1(F) CERTIFICATE

I HEREBY CERTIFY that this memorandum contains 2,933 words per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed electronically, this 06th day of January 2021, via CM/ECF. A copy of this pleading was also mailed to plaintiffs Kent E. Hovind and Paul John Hansen at Hovind's home address of 488 Pearl Lane, Repton, Alabama 36475 via certified mail.

/s/ Elizabeth Barry Parker
ELIZABETH BARRY PARKER
Assistant United States Attorney