### UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

KENT E. HOVIND, *et al.*,

     Plaintiffs,

v.                             Case No.  3:20-cv-5484-TKW/MJF

UNITED STATES OF AMERICA, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before this court on Defendants' motion to dismiss (Doc. 17) and Plaintiffs' response (Doc. 21) and Plaintiffs' amended response (Doc. 23). The undersigned recommends that the District Court dismiss this action because Plaintiff Paul John Hansen lacks standing to bring some of the claims and, regardless, Plaintiffs have failed to state a claim upon which relief can be granted because the statutes of limitations bar their claims. Additionally, even if the statutes of limitations did not bar their claims, Plaintiffs could not overcome sovereign immunity, judicial immunity, prosecutorial immunity, immunity for testifying

witnesses, the fact that one defendant was not acting under color of law, and *Heck v. Humphrey.*[1]

## I. PROCEDURAL BACKGROUND

On May 22, 2020, Plaintiffs commenced this civil action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiffs subsequently filed their first amended complaint, which is styled as a civil-rights complaint brought under 42 U.S.C. §§ 1983, 1985, and 1986. (Doc. 7). Plaintiffs' first amended complaint alleged that the federal indictment, arrest, prosecution, conviction, and sentencing of Hovind and his former wife violated various provisions of the United States Constitution.[2] Plaintiffs named six Defendants: (1) the United States of America; (2) United States District Judge M. Casey Rodgers; (3) the estate of deceased former AUSA John David Roy Atchinson; (4) former AUSA Michelle Heldmyer; (4) IRS Criminal Investigator

---

[1] The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.

[2] Under Rule 201(b) of the Federal Rules of Evidence, a court may "take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). The undersigned will refer to documents filed in Hovind's criminal case as ("ECF No. ___") and documents filed in this current litigation as ("Doc. ___"). Hovind should have received the documents filed in his criminal case. In any event, the documents are also available from the clerk of the court for the Northern District of Florida.

Scott Schneider; and (6) Hovind's former criminal defense attorney, Alan Stuart Richey.[3] (Doc. 7).

On July 23, 2020, Magistrate Judge Hope T. Cannon ordered Plaintiffs to file a second amended complaint because their amended complaint violated the Local Rules for the United States District Court for the Northern District of Florida. Plaintiffs' amended complaint was fifty-six pages in length, and Plaintiffs did not seek leave to exceed the twenty-five-page limit imposed by the Local Rules.

Additionally, Judge Cannon advised Plaintiffs to consider three issues with their second amended complaint: (1) whether their claims could be barred by judicial and prosecutorial immunity; (2) whether their claims could be barred by the applicable statute of limitations; and (3) whether any claim relating to Plaintiff Kent E. Hovind's 2006 criminal conviction might be barred by *Heck v. Humphrey*, 512

---

[3] With the exception of Alan Stuart Richey, the individual Defendants were officials of the judicial and executive branches of the federal government, and they were not state officials. Because Plaintiffs assert a claim against federal actors and not state actors, their claim arises not under section 1983 but potentially under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (Noting that "[a] § 1983 suit challenges the constitutionality of *state officials*; a *Bivens* suit challenges the constitutionality of the actions of *federal officials*.").

    Furthermore, many of the claims Plaintiffs raise are not cognizable under *Bivens*. Specifically, Plaintiffs allege violations of the First, Sixth, Ninth, Tenth, and Thirteenth Amendments, among others. The Supreme Court has never held that there is an implied cause of action for violations of these Amendments. *See Hernandez v. Mesa*, 589 U.S. ___, 140 S. Ct. 735, 741 (2020).

U.S. 477, 487 (1994). Judge Cannon provided Plaintiffs fourteen days to amend their complaint. Judge Cannon subsequently recused herself after Plaintiffs initiated a civil action against her.[4] This case was randomly assigned to the undersigned.

On August 24, 2020, the undersigned directed Plaintiffs to show cause why they failed to comply with Judge Cannon's order. (Doc. 11). The undersigned imposed a deadline of September 8, 2020, to comply. On September 4, 2020, Plaintiffs submitted a second amended complaint. Due to an oversight in the Clerk's office, Plaintiffs' second amended complaint was not docketed until September 25, 2020.

In their second amended complaint, Plaintiffs alleged that the six Defendants violated their rights under various clauses of the First, Fourth, Fifth, Sixth, Ninth, Tenth, Thirteenth and Fourteenth Amendments of the United States Constitution, various provisions of the Florida Constitution, and Florida common law.[5] Plaintiffs' second amended complaint includes the following "counts":

---

[4] Plaintiffs claimed that Judge Cannon's order violated their constitutional rights. *Hovind v. Cannon*, No. 3:20-cv-5708-RV (N.D. Fla. Aug. 6, 2020). On August 24, 2020, Judge C. Roger Vinson *sua sponte* dismissed Plaintiffs' complaint because it was frivolous.

[5] Plaintiffs' complaint is a so-called "shotgun pleading." It violates Rule 8 and Rule 10(b) of the Federal Rules of Civil Procedure insofar as it: (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) contains conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) does not separate into different counts each claim for relief; and

Count One:  "42 U.S.C. § 1983, 1985, 1986,"

Count Two: "42 U.S.C. § 1983, 1985, 1986, Kidnapping by Armed Officers and Agents,"

Count Three: "42 U.S.C. § 1983, 1985, 1986, Equal Protection Under the Law,"

Count Four: "42 U.S.C. § 1983, 1985, 1986, Man and State Created Danger,"

Count Five: "42 U.S.C. § 1983, 1985, 1986, Malicious Prosecution,"

Count Six:   "42 U.S.C. § 1983, 1985, 1986, Unlawful Seizure,"

Count Seven: "42 U.S.C. § 1983, 1985, 1986, Armed Robbery,"

Count Eight: "42 U.S.C. § 1983, 1985, 1986, Coercive Power,"

Count Nine:  "42 U.S.C. § 1983, 1985, 1986, Knowingly Accepts Benefits from Unconstitutional Behavior," and

Count Ten: "42 U.S.C. § 1983, 1985, 1986, Witness Tampering."

As relief, Plaintiffs seek compensatory damages, punitive damages, attorney's fees, declaratory relief, interest, costs of this litigation, and vacation of Hovind's

---

(4) asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). The District Court could dismiss this action because of Plaintiffs' repeated violations of the Federal Rules of Civil Procedure, but there are numerous other deficiencies that also warrant dismissal of this civil action.

conviction and sentence.[6] Defendants subsequently moved to dismiss this action, and Plaintiffs filed a response and an amended response in opposition.

## II. FACTUAL BACKGROUND

For the purpose of this report and recommendation, the relevant facts are taken from the second amended complaint and assumed to be true. In 2004, in Pensacola, Florida, Plaintiff Kent E. Hovind ("Hovind") founded a ministry called "Creation

---

[6] Plaintiffs cannot properly seek vacation of Hovind's conviction and sentence in a *Bivens* action. *See Heck*, 512 U.S. at 486 (holding that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments"); *Abella*, 63 F.3d at 1065. Indeed, a *Bivens* action that seeks to challenge a conviction or sentence is frivolous. *See Bradd v. Leinenweber*, 287 F. App'x 530, 531 (7th Cir. 2008). This is Hovind's fifth attempt to vacate his conviction and sentence.

In November 2010, he filed his first motion to vacate his sentence and conviction, pursuant to 28 U.S.C. § 2255. Judge Rodgers denied that motion. *United States v. Hovind*, No. 3:06-cr-83-MCR (N.D. Fla. Jan. 26, 2007) (ECF No. 401). The Court of Appeals declined to issue a certificate of appealability because Hovind failed to make a substantial showing of a denial of a constitutional right. *United States v. Hovind*, No. 11-12243-CC (11th Cir. Feb. 27, 2012).

On November 18, 2011, Hovind filed a second "Petition for Writ of Habeas Corpus," in which he again argued that his conviction and sentence were unlawful. *United States v. Hovind*, No. 3:06-cr-83-MCR (N.D. Fla. Nov. 18, 2011) (ECF No. 448). Judge Rodgers denied that petition. *Id.* (ECF No. 449).

On June 3, 2013, Hovind filed an "Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255." *Id.* (ECF No. 454). Judge Rodgers denied that amended motion. *Id.* (ECF No. 461).

On October 31, 2019, Hovind filed yet another motion under 28 U.S.C. § 2255. *Id.* (ECF No. 492). Judge Rodgers likewise denied that motion. *United States v. Hovind*, No. 3:06-cr-83-MCR (N.D. Fla. Dec. 9, 2019) (ECF No. 495).

Thus, even if this civil action could be construed as a section 2255 motion, it would be an impermissible successive motion. *See* 28 U.S.C. § 2255(h).

Science Evangelism" ("CSE"). (Doc. 14 at 7). Plaintiff Paul John Hansen alleges

that he is a "trustee" for CSE.  In 2006, a federal grand jury charged Hovind with:

**Counts 1 through 12:**  failure to pay federal taxes, in violation of 26 U.S.C.

§ 7202;

**Counts 13 through 57:**  structuring monetary transactions to evade a currency

transaction reporting requirement, in violation of  31 U.S.C. §§ 5324(a)(3),

5324(d)1, and 31 C.F.R. § 103.11; and

**Count 58:**  interference with the administration of the internal revenue laws,

in violation of 26 U.S.C. § 7212(a). *United States v. Kent E. Hovind, et al*., No. 3:06-

cr-83-MCR (N.D. Fla. July 11, 2006).

On July 11, 2006, the government obtained a federal arrest warrant for Hovind

and his former wife, Jo Hovind. On July 13, 2006, IRS agents arrested Hovind and

his former wife pursuant to the arrest warrants. The agents also searched CSE

property and seized U.S. currency found in a safe. (Doc. 14 at 11).

Also on July 13, 2006, Hovind and his former wife were arraigned, and both

entered a plea of "not guilty." Hovind retained Attorney Alan Stuart Richey as

defense counsel. Hovind alleges that Judge M. Casey Rodgers ignored Hovind's

argument that the court lacked jurisdiction. Judge Rodgers also allegedly

"threatened" Hovind's defense counsel. Plaintiffs alleges that each Defendant

allowed false and misleading evidence to be used against him during his jury trial.

On November 2, 2006, the jury found Hovind guilty of all counts. On January 19, 2007, Judge Rodgers sentenced Hovind to sixty months of imprisonment as to counts 1 through 56 (to run concurrently), sixty months of imprisonment as to count 57 (to run consecutively to the sentence imposed for counts 1 through 56), and thirty-six months of imprisonment (to run concurrently with the sentences imposed for counts 1 through 56). *United States v. Hovind*, No. 3:06-cr-83-MCR (N.D. Fla. Jan. 26, 2007).

## III.  STANDARD

Motions to dismiss for failure to state a claim upon which relief can be granted are governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In addressing a motion to dismiss, the court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient. *Id.* The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678.

A defendant may raise a statute of limitations defense in a motion to dismiss "when the complaint shows on its face that the limitation period has run." *Foster v. Savannah Comm'n*, 140 F. App'x 905, 907 (11th Cir. 2005) (quoting *Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982)). As the Supreme Court has stated:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.

*Jones v. Bock*, 549 U.S. 199, 215 (2007). To dismiss a complaint as time-barred it must "appear beyond a doubt from the complaint itself that [the plaintiff] can prove no set of facts which would avoid a statute of limitations bar." *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001); *see Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003). "When the time-bar is apparent from the face of the complaint, the plaintiff bears the burden of pleading allegations sufficient to toll the statute of limitations." *Padilla v. Porsche Cars. N. Am., Inc.*, 391 F. Supp. 3d 1108,

1112 (S.D. Fla. 2019); *see Patel v. Diplomat*, 605 F. App'x 965, 966 (11th Cir. 2015).

## IV. DISCUSSION

The undersigned recommends that the District Court dismiss Plaintiffs' claims for the following independent reasons: (1) Hansen lacks standing to raise a number of the claims; (2) all of the claims are barred by the statute of limitations, (3) some Defendants enjoy immunity from a civil action; and (4) Plaintiffs failed to state a claim upon which relief can be granted.

### A.    Hansen Lacks Standing to Raise Some of the Claims

Under Article III of the United States Constitution, federal courts may exercise jurisdiction only over "Cases" and "Controversies." U.S. Const. art. III, § 2; *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992). Accordingly, jurisdiction requires a justiciable case or controversy within the meaning of Article III. *See Allen v. Wright*, 468 U.S. 737, 750-51 (1984). Standing constitutes one component of justiciability and presents a "threshold question in every federal case, determining the power of the court to entertain the suit." *Lujan*, 504 U.S. at 560-61; *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "Every litigant must possess standing to sue in the United States courts." *United States v. Johnson*, 983 F.2d 216, 218 (11th Cir. 1993). Because standing is a jurisdictional requirement, courts are obligated to address this issue *sua sponte*. *See Murphy v. Dulay*, 768 F.3d 1360, 1366 n.4 (11th Cir. 2014);

*Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806-07 (11th Cir. 1993).

To establish standing, a plaintiff seeking to invoke this court's jurisdiction bears the burden of demonstrating the three elements of Article III standing: (1) an injury in fact; (2) a causal connection between the injury and the alleged misconduct; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61. A case or controversy "requires a plaintiff with a personal stake in the outcome sufficient to assure an adversarial presentation of the case." *Hardwick v. Bowers*, 760 F.2d 1202, 1204 (11th Cir. 1985), *rev'd on other grounds*, 478 U.S. 186, 196 (1986); *see Flast v. Cohen*, 392 U.S. 83, 99 (1968) ("The 'gist of the question of standing' is whether the party seeking relief has 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues . . . .'"). The "standing doctrine keeps courts out of political disputes *by denying private litigants the right to test the abstract legality of government action*." *Spokeo, Inc. v. Robins*, 578 U.S. ___, 136 S. Ct. 1540, 1552 (2016) (Thomas, J., concurring) (emphasis added).

As to most of the claims asserted in Plaintiffs' second amended complaint, Hansen has not alleged a particularized or concrete injury either to himself directly or to CSE. For an injury to be particularized it must be "individualized rather than collective." *Spokeo, Inc.*, 578 U.S. at ___, 136 S. Ct. at 1548. It must "affect the

plaintiff in a personal and individual way." *Id*. Further, concreteness requires the injury to be more than an "abstract" injury. *Id.* at 1549. Here, Hansen has not shown how the arrest of CSE employees—namely Hovind and his former wife—specifically injured Hansen or CSE. Hansen, therefore lacks standing to raise claims in which the claimed injury is the alleged constitutional infirmities of the indictment, arrest, trial, conviction, and sentence of Hovind and his former wife. Because the District Court lacks jurisdiction over these claims, it must dismiss them.

## B.   The Applicable Statutes of Limitations Bar All Claims

Even if the District Court enjoyed jurisdiction over all of Plaintiffs' claims, all of their claims are barred by the relevant statutes of limitations.

The statute of limitations for a *Bivens* action in a federal district court in Florida is four years. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003); *City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1103 (11th Cir. 2002); *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998); *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996). The statute of limitations begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Ga Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (citation omitted); *Chappell*, 340 F.3d at 1283. Thus, *Bivens* claims accrue when a plaintiff knows, or has reason to know, that he has been injured and the identity of the party who injured him. *Mullinax v.*

*McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987); *see Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Rozar v. Mullisi*, 85 F.3d 556, 562 (11th Cir. 1996).

Here, Plaintiffs filed this suit on May 22, 2020. (Doc. 1). Plaintiffs' allegations solely relate to Hovind and his former wife's indictment (July 2006), arrest (July 2006), trial (October to November 2006), conviction (November 2006), sentencing (January 2007), and forfeiture of certain property (January 2007). A reasonable person certainly would have been aware of any constitutional injury by January 26, 2007, the date that the clerk of the court entered Hovind's criminal judgment. Indeed, Hovind filed his notice of appeal on January 30, 2007, and in that notice of appeal, he complained of violations of his constitutional rights.[7] This demonstrates that he was well aware of the alleged constitutional violations at least by January 30, 2007. Thus, to file a timely civil action pursuant to *Bivens* regarding the conduct at issue,

---

[7] On December 30, 2008, the Eleventh Circuit affirmed Hovind's conviction and sentence after addressing many of the issues that Plaintiffs re-litigate in this civil action. *See United States v. Hovind*, 305 F. App'x 615 (11th Cir. 2008). As noted above, on November 29, 2010, Hovind filed a "Motion to Vacate, Set Aside or Correct a Sentence" pursuant to 28 U.S.C. § 2255. In that motion, Hovind challenged the sufficiency of his indictment, the authority of the federal government to arrest him and charge him with criminal offenses, and he also raised claims of ineffective assistance of counsel. (ECF No. 361). Judge Rodgers rejected Hovind's motion in a written decision. (ECF No. 397). The Eleventh Circuit declined to issue a certificate of appealability because Hovind failed to make a substantial showing of a denial of a constitutional right. *United States v. Hovind*, No. 11-12243-CC (11th Cir. Feb. 27, 2012).

Plaintiffs would have had to file their complaint, at the latest, in January 2011. As noted above, Plaintiffs did not initiate this civil action until May 2020, which is more than nine years too late as to the *Bivens* claims.[8]

Because it is apparent from the complaint that the statute of limitations would bar Plaintiffs' claims, Plaintiffs bore "the burden of pleading allegations sufficient to toll the statute of limitations." *Padilla*, 391 F. Supp. 3d at 1112; *see Patel*, 605 F. App'x at 966. In fact, Judge Cannon warned Plaintiffs of the potential statute of limitation defense. (Doc. 8 at 3). She admonished Plaintiffs to consider the defense when amending their complaint. Despite this explicit warning regarding the statute of limitations and its relevance to this case, Plaintiffs did not include in their second amended complaint any allegations which would be sufficient to toll the statute of limitations. Plaintiffs also did not include any such facts in their responses to Defendants' motion to dismiss. Because Plaintiffs failed to initiate this civil action timely, the District Court should dismiss all claims of this action, as to all Defendants, based on the relevant statutes of limitations.

---

[8] Plaintiffs' claims under section 1985 and 1986—to the extent they were ever viable—also are barred due to untimeliness. 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."); *Rozar*, 85 F.3d at 561 ("As to the claims brought here under 42 U.S.C. §§ 1983 and 1985, precedent is clear that these are measured by the personal injury limitations period of the state.").

**C.**     <u>**Sovereign Immunity and Claims Against the United States Government**</u>

Even if the statute of limitations did not bar all of the claims, there is a second independent basis to dismiss the claims against the United States government, namely, sovereign immunity.

Sovereign immunity shields the federal government and its agencies from suit in the absence of an express waiver. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *United States v. Testan*, 424 U.S. 392, 399 (1976); *Zelaya v. United States*, 781 F.3d 1315, 1321(11th Cir. 2015). The United States is immune from suit unless Congress has unequivocally waived that immunity in the text of a statute. *Lane v. Pena*, 518 U.S. 187, 192 (1996); *United States v. Nordic Village, Inc.*, 503 U.S. 30, 32 (1992); *United States v. Sherwood,* 312 U.S. 584, 586 (1941).

Congress has not waived the United States' immunity for *Bivens* actions and actions arising under sections 1985 and 1986. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69-71 (2001); *Meyer*, 510 U.S. at 485-86; *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982); *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. Unit B 1982); *Brown v. United States*, 653 F.2d 196, 199 (5th Cir. Unit A 1981); *Unimex, Inc. v. U.S. Dep't of Housing and Urban Dev.*, 594 F.2d 1060, 1061 (5th Cir. 1979). Thus, the United States is immune from Plaintiffs' claims. Regardless of

the statute of limitations, therefore, any claims against the United States government also should be dismissed on this ground.

## D.  **Official-Capacity Claims Also Are Barred by Sovereign Immunity**

Even if the statute of limitations did not bar all of the "official capacity" claims against Defendants, there is a second independent basis to dismiss these claims. Specifically, these "official capacity" claims are also barred by sovereign immunity.

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S 658, 690 n.55 (1978)); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). For "official capacity" claims, therefore, a defendant has the benefit of the sovereign immunity enjoyed by the United States government. *Graham*, 473 U.S. 159, 167 (1985); *Scott v. Taylor*, 405 F.3d 1251, 1254 (11th Cir. 2005); *Chincello v. Fenton*, 805 F.2d 126, 130 n.4 (3d Cir. 1986). This immunity bars Plaintiffs' "official-capacity" claims against Defendants. Simply put, *Bivens* claims are only allowed against federal officers in their individual capacity; they do not apply to federal officers acting in their official capacities. *Malesko,* 534 U.S. at 70-72; *Meyer*, 510 U.S. at 483. Therefore, Plaintiffs' official capacity claims against Defendants also should be dismissed on this ground.

**E.**   <u>**Judge Rodgers is Entitled to Judicial Immunity**</u>

Even if the statute of limitations did not bar the individual capacity claims against Judge Rodgers, absolute judicial immunity would bar such claims.

To ensure that judges have the ability to exercise "independent and impartial" judgment, the law grants them immunity from lawsuits for their judicial actions. *Antoine v. Byers & Anderson, Inc*., 508 U.S. 429, 435 (1993); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "Judicial immunity is an absolute immunity . . . ." *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir.1986). "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). This immunity protects judges from Plaintiffs' *Bivens* claims seeking money damages and also claims for injunctive relief. *Stevens v. Osuna*, 877 F.3d 1293, 1308 (11th Cir. 2017) (citing *Bolin*, 225 F.3d at 1240-42).

A judge acts in the "clear absence of all jurisdiction" when the matter on which he acts is clearly outside of the subject matter jurisdiction of the court over which he presides. *See Dykes v. Hosemann*, 776 F.2d 942, 948 (11th Cir. 1985). "Whether a judge's actions were made while acting in his judicial capacity depends

on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (*citing Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983)).

Here, Plaintiffs' allegations concern actions taken by Judge Rodgers in her judicial capacity. Plaintiffs assert that Judge Rodgers:

- ignored Hovind's challenges to the court's jurisdiction in Hovind's criminal case;

- issued an order barring all CSE trustees and agents from joining the underlying criminal case;

- issued an order determining that CSE was the alter ego of Hovind and deemed non-existent;

- issued a forfeiture order;

- knowingly admitted false and misleading evidence during Hovind's trial;

- presided over a criminal trial, in which no "sworn complaint" was filed; and

- took "aggressive measures, in open court, to assure evidence did not get before the jury."

(Doc. 14 at 7, 11, 14).

Federal district courts have original jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231. Judge Rodgers's actions, as alleged by Plaintiffs, were performed in her judicial capacity pursuant to her exercise of jurisdiction over cases in which the United States government alleged violations of the laws of the United States. Therefore, Judge Rodgers is entitled to judicial immunity for her actions. *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018). Accordingly, all claims against Judge Rodgers should be dismissed.

**F.**   **Atchinson and Heldmyer Are Entitled to Prosecutorial Immunity**

In addition to the statute of limitations barring all claims against them, the estate of deceased former AUSA Atchinson and former AUSA Heldmyer also enjoy prosecutorial immunity for the individual-capacity claims.

"A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)); *see Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The initiation and pursuit of a criminal prosecution, and appearances before the court and other in-court activity, are classic examples of actions taken by a prosecutor in performing his role as a government advocate for which a prosecutor enjoys immunity. *Rivera*, 359 F.3d at 1353; *see also Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (holding that absolute immunity extends to a prosecutor's acts performed "in

preparing for the initiation of judicial proceedings for trial, and which occur in the course of his role as an advocate for the State").

For prosecutorial actions, a prosecutor receives absolute immunity regardless of the prosecutor's motive or intent. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) ("Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously. . . ." (quotations omitted)). Thus, absolute prosecutorial immunity applies even where a prosecutor files an information without an investigation, offers perjured testimony, or suppresses exculpatory evidence. *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009); *Fullman v. Graddick*, 739 F.2d 553, 559 (11th Cir. 1984).

Here, Plaintiffs asserts that deceased former Assistant United States Attorney Atchinson and former Assistant United States Attorney Heldmyer prosecuted Hovind without a "proper" indictment. Plaintiffs also alleged that Atchinson and Heldmyer submitted false and misleading evidence at Hovind's trial. These actions arose in the context of Atchinson and Heldmyer acting as federal prosecutors in the government's prosecution of Hovind. Plaintiffs' claims for damage against Atchinson and Heldmyer, therefore, also must be dismissed because they enjoy prosecutorial immunity.

**G.**     **Insufficient Allegations that Richey Was Acting Under Color of Law**

As to Defendant Alan Stuart Richey—Hovind's former criminal defense attorney—in addition to all claims against him being barred by the statutes of limitations, Plaintiffs also fail to state a cognizable claim against him because they do not sufficiently allege that he was acting under color of federal law.

To state a claim under *Bivens*, a plaintiff must allege that the defendant who committed the alleged violations of constitutional rights was a person acting under color of law or that this person conspired with someone acting under color of law. *Malesko*, 534 U.S. at 71; *West v. Atkins*, 487 U.S. 42, 48 (1988); *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015); *Wood v. Kesler*, 323 F.3d 872, 882 n.16 (11th Cir. 2003); *Abella*, 63 F.3d at 1065. Like a section 1983 claim, *Bivens* "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003).

Here, Plaintiffs allege that Richey violated Hovind's constitutional rights by not challenging the government's evidence and failing to argue that Hovind's indictment was insufficient. A plaintiff cannot sue his criminal defense attorney under *Bivens*—unless there are sufficient allegations of concerted activity with government actors—because such attorneys do not act under the color of law merely by representing a defendant in a criminal proceeding. *Polk Cnty. v. Dodson*, 454 U.S.

312, 325 (1981); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985); *Richardson v. Fleming*, 651 F.2d 366, 371 (5th Cir. 1981); *Slavin v. Curry*, 574 F.2d 1256, 1265 (5th Cir. 1976).

Plaintiffs attempt to overcome this lack of government action with conclusory allegations that Richey was engaged in a conspiracy with government agents. Among other things, Plaintiffs claim that Defendants engaged in a conspiracy to have Hovind "kidnapped at gun point," engaged in a conspiracy of "religious persecution" and "unconstitutional statist expansion," and engaged in a conspiracy to have federal agents commit "armed robbery." (Doc. 14 at 10, 14). Plaintiffs, however, present no facts to support their belief that Richey conspired with government agents. Indeed, Plaintiffs also never identify which government agents with whom Richey purportedly conspired.

When plaintiffs in a *Bivens* action attempt to assert the necessary "state action" by alleging a conspiracy with government officials, "mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994) (citing *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)); *see also Wahl*, 773 F.2d at 1173 (holding that a "general conclusory allegation of conspiracy" will not bring a private party defendant within the realm of § 1983). Because Plaintiffs have failed to allege

sufficient facts to state the "under color of law" element of *Bivens* claims as to Richey, these claims should be dismissed for this reason as well.

## H.   **Plaintiffs' Failed to State a Cognizable Claim Against Schneider**

As noted above, the statute of limitations bars all claims against Schneider. Also, as an independent basis of dismissal, Plaintiffs fail to state a cognizable claim against Defendant IRS Criminal Investigator Scott Schneider.

Plaintiffs claim that Schneider conspired to provide and allow false testimony during Hovind's criminal trial. They also allege that Hovind was unable to elicit a desired answer from Schneider during trial, and Schneider purportedly did not respond to Hovind's letters. (Doc. 14 at 9-10).

### 1.   *Immunity for Witnesses Who Testify During Court Proceedings*

Witnesses who testify during criminal trials are entitled to immunity for their testimony, even if it is perjurious. *Briscoe v. LaHue*, 460 U.S. 325, 335, 345 (1983) (holding that all witnesses, including government officials, are entitled to absolute immunity from damages liability for their testimony in judicial proceedings); *Jones*, 174 F.3d at 1281; *Fullman*, 739 F.2d at 564 (citing *Charles v. Wade*, 665 F.2d 661, 665 (5th Cir. 1982)). Thus, Plaintiffs' claims against Schneider based on his testimony at Hovind's trial or during other judicial proceedings cannot form the basis for a *Bivens* claim against Schneider.

## 2.     *Failure to Identify the Constitutional Right Allegedly Violated*

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Here, with respect to Plaintiffs' claim that Schneider violated the Constitution by not responding to letters that Hovind sent to Schneider, Plaintiffs have failed to specify the portion of the Constitution that Schneider's omission allegedly violated. The undersigned is unaware of any Constitutional provision that would be violated by such an omission. Plaintiffs have been afforded opportunities to amend their complaint. They, nevertheless, failed to satisfy Rule 8(a)(2) with this—and other—claims. This is yet another independent reason to dismiss this claim.

## I.     <u>Many of Plaintiffs' Claims Also Are Barred by *Heck v. Humphrey*</u>

Finally, in addition to all of the other reasons to dismiss set forth above, many of Plaintiffs' claims would be barred by *Heck.*

In *Heck*, the Supreme Court held that

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87 (footnote and citation omitted). The Court explained that, "[a] claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487. The holding of *Heck* also bars *Bivens* actions brought for damages against federal actors. *Abella*, 63 F.3d at 1065.

Here, Plaintiffs' second amended complaint specifically alleges that Hovind's conviction and sentence should be invalidated. If Plaintiffs prevailed on a number of the claims asserted in their second amended complaint, it would necessarily imply the invalidity of Hovind's conviction and sentence. Accordingly, such claims also should be dismissed based on *Heck v. Humphrey*.

## V. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.  Defendants' motion to dismiss (Doc. 17) be **GRANTED**.

2.  Plaintiffs' claims be **DISMISSED**.

3.  The clerk of the court close the case file.

At Pensacola, Florida, this 21st day of April, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**